IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW AIMEE KEEL, | ) | |
| Petitioner, | ) | Civil Action No. 14-122 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERINTENDENT COLEMAN, et al., | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

CONTI, Chief District Judge.

Andrew Aimee Keel (the "petitioner") filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the judgment of sentence imposed upon him in June 2008 by the Court of Common Pleas of Erie County on his convictions of burglary, robbery and related crimes. He raised four claims in which he contended that his trial attorney provided him with ineffective assistance in violation of his Sixth Amendment rights.

This case was referred to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Rule 72. On June 15, 2016, the magistrate judge issued a report and recommendation ("R&R") (ECF No. 22) in which she recommended that each of the petitioner's claims be denied on the merits and that a certificate of appealability be denied.

The petitioner was served with the R&R at his address of record and was advised that he had until July 5, 2016, to file objections to it. He did not file objections by that deadline and on July 19, 2016, after *de novo* review of the R&R and the other documents filed in this case, the court issued a memorandum opinion (ECF No. 23) and order (ECF No. 24) in which it adopted the R&R as the opinion of the court, entered judgment in favor of the respondents and against the petitioner, and closed this case.

1

The petitioner subsequently notified the court that he had intended to file a motion for an extension prior to the date objections were due, but filed it with the court of appeals by mistake. He asked that this court vacate its final judgment and consider his objections (ECF No. 30). His request is granted.

Where, as here, objections were filed, the court is required to make a *de novo* determination about those portions of the R&R to which objections were made. 28 U.S.C. § 636(b)(1). Accordingly, the court examined *de novo* all arguments raised by the petitioner in his objections and agrees with the magistrate judge that the petition should be denied and that a certificate of appealability should be denied.

I. Discussion

    A. Trial Counsel's Decision Not to Call Edna Keel As an Alibi Witness

In Claim One and Claim Three, the petitioner contended that his trial counsel was ineffective for failing to present his wife, Edna Keel, as an alibi witness. The PCRA court held an evidentiary hearing on these claims on May 29, 2012. At that hearing, trial counsel testified that he did not call Edna Keel as an alibi witness[1] because he learned from his pretrial interview of her that she could place the petitioner at home with her during only the day and early evening hours of July 13, 2007, and not at the time the crimes were committed (which was after 11:30 p.m. on July 13, 2007). (5/29/12 PCRA Hr'g Tr. at 5-6).

---

[1] Although Edna Keel did not testify as an alibi witness, she did testify for the defense at the petitioner's trial. She discussed the type of sneakers that he owned in order to try to distinguish him from the description that the victim gave to the police. (5/20/08 Trial Tr. at 96).

2

The PCRA court found trial counsel's testimony to be credible. Commonwealth v. Keel, No. 3028 of 2007, slip op. at 18-19 (C.P. Erie June 5, 2012) (referred to herein and in the R&R as "Keel II"). The magistrate judge explained that this court must defer to the PCRA court's finding under 28 U.S.C. § 2254(e)(1). That section of the federal habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In his objections, the petitioner directed the court to an affidavit signed by Edna Keel in which she swore that she told trial counsel that the petitioner "was home around about 11:30 p.m." on July 13, 2007, and that she would have testified to that fact if she had been asked at trial. (Affidavit of Edna Keel, ECF No. 30-1 at 1). This affidavit does not amount to "clear and convincing evidence" that rebuts the PCRA court's determination to credit trial counsel's explanation as to why he did not call Edna Keel as an alibi witness. The petitioner submitted that same affidavit to the PCRA court as an attachment to his PCRA petition, but Edna Keel did not testify at the subsequent evidentiary hearing, even though she was present in the courtroom. (5/29/12 PCRA Hr'g Tr. at 5-6).[2] The PCRA court noted that Edna Keel did not testify and observed: "[h]ence, Petitioner did not refute the factual basis asserted by trial counsel for not calling" her as an alibi witness. Keel II, No. 3028 of 2007, slip op. at 18.

---

2    During his testimony, the petitioner's trial attorney stated that Edna Keel was "in the back of the courtroom[,]" and that "she can disagree with me if she wants, but my recollection is that she put him in the house earlier that day and early evening, but not at the time that [the crimes] happened, so she wasn't a proper alibi witness to call." (5/29/12 PCRA Hr'g Tr. at 6).

### B. Trial Counsel's Failure to Challenge the Fingerprint and Photo Lineup Evidence

In Claim Two and Claim Four, the petitioner argued that his trial attorney was ineffective for failing to challenge the admission of the fingerprint evidence. Corporal William D. Wagner analyzed that evidence. On or around July 23, 2007, the Erie police sent him the fingerprint lifts taken from items the victim stated the petitioner touched during the robbery. Corporal Wagner issued his report on October 30, 2007, and in it he concluded that the petitioner's fingerprint was on the victim's vase. The petitioner argued that Corporal Wagner's alleged delay in issuing his report was a ground upon which his expert opinion could be challenged. As the magistrate judge explained, however, trial counsel made the tactical decision not to exploit the alleged delay because if he did, the prosecution would be permitted to explain to the jury that the petitioner had committed another robbery and burglary in the victim's neighborhood and that is what prompted the investigators to contact Corporal Wagner around October 2, 2007, and ask him to compare the fingerprints collected from the victim's items with the petitioner's known prints. (5/20/08 Trial Tr. at 98-99).

None of the other arguments that the petitioner contended his counsel should have raised with respect to the fingerprint evidence have merit. That unidentified fingerprints were found on other items belonging to the victim does not negate the presence of the petitioner at the scene of the crime since his fingerprint was found on the victim's vase. As the PCRA court observed, the petitioner provided no support for his allegation that there was "a breakdown in the chain of

4

custody of the latent prints from [Detective Adam] DiGilarmo to [Brian] Lechner to Wagner[.]"[3] Keel II, No. 3028 of 2007, slip op. at 11.

In Claim Four, the petitioner also faulted trial counsel for failing to challenge the admission of the photo lineup from which the victim identified him, which was introduced at his trial as Commonwealth exhibit 2. In his objections, the petitioner argued that counsel should have challenged the authenticity of the photo lineup because the copy of it introduced at his trial was dated May 13, 2008, and not October 17, 2007, the date the victim viewed the lineup. This argument has no merit. The copy of the photo lineup admitted at the trial indicates merely that it was "[p]rinted" by the Erie Police Department on May 13, 2008, which was seven days prior to the start of the petitioner's trial. (Commonwealth Ex. 2, ECF No. 30-1 at 7).

**II.     Conclusion**

Each of the petitioner's claims are denied and a certificate of appealability is denied with respect to all claims. The petitioner's objections to the R&R are overruled and the court approves and adopts the R&R as the opinion of the court, as supplemented by this memorandum opinion.

Appropriate orders follow.

BY THE COURT,

Date: January 13, 2017          */s/ Joy Flowers Conti*
                                Joy Flowers Conti
                                Chief United States District Court Judge

---

[3] Adam DiGilarmo, a detective with the Erie Police identification unit, processed the vase and the platter from victim's apartment for fingerprints. (5/20/08 Trial Tr. at 26). Lechner submitted the fingerprint lifts to the Pennsylvania State Police for entry into the Automated Fingerprint Identification System to see if a match could be made. (Id. at 24, 29, 42, 57).